UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SUMMER TILLMAN,

    Plaintiff,

v.                                                                   Case No: 2:17-cv-681-FtM-38CM

UBER TECHNOLOGIES, INC.
and PICH ALLAN MICHAELS,

    Defendants.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court on review of Plaintiff Summer Tillman's Motion to Remand (Doc. 8). Defendant Uber Technologies, Inc. ("Uber") submitted a Response in Opposition (Doc. 13), and an Amended Response (Doc. 16). The matter is ripe for review.

## BACKGROUND

This case stems from an alleged assault and battery in an Uber vehicle. Tillman filed a Complaint in state court alleging Pich Allan Michaels, an Uber driver, touched and kissed her after he provided her for-hire transportation services. (Doc. 2). Uber removed

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

the case to this Court based on diversity jurisdiction. (Doc. 1). This dispute hinges on the propriety of the Court's subject matter jurisdiction.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In general, "[i]t is to be presumed that a cause lies outside this limited jurisdiction." *Id.* "[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

"Under 28 U.S.C. § 1441, a case filed in state court can be removed to federal court if the district court has original jurisdiction, which exists if there is federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332." *Hialeah Anesthesia Specialists, LLC v. Coventry Health Care of Florida, Inc.*, 258 F. Supp. 3d 1323, 1326 (S.D. Fla. 2017). Diversity jurisdiction exists where the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and the dispute exists between citizens of different states. 28 U.S.C. § 1331(a)(1).

When determining "the citizenship of the parties to determine if the suit meets the requirements of diversity jurisdiction, the court must look to the citizenship of the parties at the time the action was filed and at the time of removal." *Audi Performance & Racing, LLC v. Kasberger*, 273 F. Supp. 2d 1220, 1225 (M.D. Ala. 2003). "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*,

2

489 F.2d 1396, 1399 (5th Cir. 1974).[2]  "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). The factors considered in determining domicile include home ownership, driver's license, voting registration, location of family, location of business and where taxes are paid. *See Turner v. Pennsylvania Lumbermen's Mut. Fire Ins. Co.*, No. 307-CV-374-J-32TEM, 2007 WL 3104930, at *4 (M.D. Fla. Oct. 22, 2007); *see also McCormick*, 293 F.3d at 1258. No plaintiffs may be domiciliaries of the same state as any defendant. *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013).

The procedures for removal are statutory. 28 U.S.C. § 1446. Generally, a party has thirty days from the date of service of the initial pleading or summons to remove a case to federal court. 28 U.S.C. § 1446(b). But a party can remove a case "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

**DISCUSSION**

Tillman lodges three arguments for remand. First, Michaels' driver's license does not constitute an "other paper" for removal purposes. Second, Uber's removal was untimely. And third, the documents do not prove complete diversity by a preponderance of the evidence. The Court will address each argument in turn.

---

[2] In *Bonner v. City of Prichard*, Ala., 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down before the close of business on September 30, 1981.

**A. Other Paper**

Tillman argues Michaels' license cannot be an "other paper" under Section 1446(b), and cannot support Uber's removal efforts. Tillman asserts his license does not qualify as an "other paper" because it is unauthenticated and four-years-old, and, because it was obtained by Uber before the onset of litigation. These arguments are non-starters. To analyze Tillman's arguments, the Court must first discern whether a driver's license can qualify as an "other paper" under any circumstance. Neither party seriously contests that it can.

The Eleventh Circuit has found that the first three items capable of supporting removal under Section 1446(b) – "amended pleading[s], motion[s] [or] order[s]" – are "self-explanatory." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1212 n. 62 (11th Cir. 2007). Additionally, it notes that "[w]hat constitutes 'other paper' . . . has been developed judicially." *Id*. Courts within the Eleventh Circuit have interpreted the term broadly. *See Lambertson v. Go Fit, LLC*, 918 F. Supp. 2d 1283, 1285 (S.D. Fla. 2013); *see also Wilson v. Target Corp.*, 2010 WL 3632794, at *2 (S.D. Fla. Sept. 14, 2010). And while the issue of driver's licenses has never been fully ironed out, requests for admissions, settlement offers and other correspondence have all been found to be "other paper." *Lowery*, 483 F.3d at 1212 n. 62. These documents all have a natural tendency to shed light on the propriety of diversity jurisdiction by revealing either a party's domicile or the amount in controversy. The Court finds a driver's license to be of similar usefulness because it lists a home address and thus factors into a domicile determination. *See Turner*, 2007 WL 3104930, at *4 (analyzing several factors, including a driver's license, to determine domicile). The Court thus finds a driver's license qualifies as an "other paper."

The next issue is whether the Court can consider an unauthenticated four-year-old driver's license for removal. Tillman argues it cannot. Her argument fails because it is devoid of legal authority or any reason to doubt the document's authenticity or recentness. Courts in this circuit have been clear that "documents do not have to strictly comply with all prerequisites of admissibility to be considered on a motion to remand." *Butler v. Charter Commc'ns, Inc.*, 755 F. Supp. 2d 1192, 1196 (M.D. Ala. 2010); *see also Spottswood v. Stewart Title Guar. Co.*, No. CIVA 10-0109-WS-B, 2010 WL 1539993, at *4 (S.D. Ala. Apr. 16, 2010). These decisions persuade the Court not to remand on this ground.

Tillman next argues that a document obtained by a party before an initial pleading is served cannot be an "other paper" for removal. She asserts the only way Uber could have permissibly used the license was if it was received after service of the Complaint. The Court disagrees. The Eleventh Circuit has found that Section 1446(b) addresses "*when* an action is removable, setting forth the preconditions for removal in two types of cases: (1) those removable on the basis of an initial pleading; and (2) those that later become removable on the basis of "a copy of an amended pleading, motion, order or other paper." *Lowery,* 483 F.3d at 1212 (emphasis in original). Tillman cites no binding precedent to support the position that simply because a document is obtained before the service of the pleading, it cannot be used to remove a case to federal court. Instead, she conflates the ability to use a pre-litigation document for removal with the document's ability to trigger Section 1446(b)'s thirty-day removal clock. These are distinct concepts.

Courts in the Eleventh Circuit have found that documents received before initiating suit do not trigger the thirty-day removal clock, and may support removal efforts after a

complaint is filed. *Jade E. Towers Developers v. Nationwide Mut. Ins. Co.*, 936 F. Supp. 890, 892 (N.D. Fla. 1996); *Stephenson v. Amica Mut. Ins. Co.*, No. 6:14-CV-978-ORL-37, 2014 WL 4162781, at *3 n. 3 (M.D. Fla. Aug. 21, 2014). This case falls into the same category. Uber's possession of his Michaels' license before the Complaint was filed neither triggered the thirty-day removal clock, nor prohibited its use in removal efforts. Remand on this ground is denied.

**B.     Timing**

Next, Tillman argues the timing of Uber's removal was improper because the thirty-day removal period set out in Section 1446(b) had not yet begun to run. She reasons that because the driver's license was not acquired after the Complaint was filed, it could not have triggered the removal period. Tillman, however, is incorrect. Her demand letter to Uber triggered the thirty-day removal period.

To remove a case under diversity jurisdiction, a party must allege the existence of complete diversity and an amount in controversy over $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1331(a)(1). While Uber cites Michaels' license as evidence of complete diversity, it alleges it only discovered that Tillman's claim exceeded the amount in controversy threshold of $75,000.00 after Tillman supplied it with a demand letter on November 22, 2017. (Doc. 1 at ¶¶ 9-11). Uber removed the case 16 days later. (Doc. 1).

The Eleventh Circuit has recognized that demand letters constitute "other paper" under Section 1446(b). *Lowery*, 483 F.3d at 1213 n. 62. Uber's removal clock began on November 22, 2017, as it received an "other paper" capable of revealing both the potential existence of complete diversity and that the amount in controversy was sufficient. *See*

28 U.S.C. § 1446(b)(3). It then satisfied the thirty-day threshold by removing this matter on December 8, 2017. Tillman's argument fails.

**C.     Complete Diversity**

Last, Tillman argues remand is proper because both she and Michaels are citizens of Florida. The Eleventh Circuit has been clear that where the propriety of federal subject matter jurisdiction is in doubt, courts "should not reserve ruling on a motion to remand in order to allow the defendant to discover the potential factual basis of jurisdiction." *Lowery*, 483 F.3d at 1217. Furthermore, "all doubts about the propriety of removal should be resolved in favor of remand." *King v. Gov't Employees Ins. Co.*, 579 F. App'x 796, 800 (11th Cir. 2014).

Here, the Court is presented with diverging evidence of Michaels' domicile. Uber presents Michael's unexpired Virginia driver's license and the Affidavit of Service showing Michaels was served in Virginia on November 28, 2017. (Doc. 16-2). On the other hand, Tillman presents a background check showing that Michaels allegedly moved to Charlotte County, Florida and registered to vote there in August 2016. (Docs. 8 at 12; 8-2 at 2). No evidence conclusively proves Michaels' domicile. Because Uber has failed to satisfy its burden to establish the existence of subject matter jurisdiction at the time of removal by a preponderance of the evidence, the Court will follow binding precedent and remand the case to state court. *See McCormick*, 293 F.3d at 1257; *see also King*, 579 F. App'x at 800.

Accordingly, it is now

**ORDERED:**

1.  Plaintiff Summer Tillman's Motion to Remand (Doc. 8) is **GRANTED**.

2. The Clerk is directed to **REMAND** the case to the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court.

3. The Clerk is further directed to terminate all deadlines and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida this 20th day of February, 2018.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record